UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MICHAEL TANKSLEY, *et al.*,              )
                             Plaintiffs,   )   Case No. C07-1227RSL
     v.                                      )
                                     )   ORDER DENYING PLAINTIFFS'
NORTHWEST AIRLINES,                     )   MOTION FOR PRELIMINARY
                           Defendant.    )   INJUNCTION
                                     )
AIR LINE PILOTS ASSOCIATION,            )
                           Intervenor.   )
_____)

       This matter comes before the Court on plaintiffs' "Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support Thereof." Dkt. # 2. Plaintiffs argue that defendant Northwest Airlines ("Northwest") should be compelled, pursuant to its fiduciary duties under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to produce documents and information regarding pension plan changes that are under serious consideration. In particular, plaintiffs seek disclosure of any and all targeted benefit formulas, assumptions, and methodologies currently being discussed as part of a new defined contribution retirement plan.

       In determining whether to grant a preliminary injunction, the Ninth Circuit considers: (1) the likelihood of plaintiff's success on the merits; (2) the possibility of irreparable

ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION

injury to plaintiff if an injunction is not issued; (3) the extent to which the balance of hardships favors plaintiff; and (4) whether the public interest will be advanced by the injunction. See Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867,874 (9th Cir. 2000). Thus, plaintiffs may be entitled to preliminary relief if they are able to show either (1) probable success on the merits and the possibility of irreparable harm or (2) the existence of serious questions going to the merits and a fair chance of success thereon, with the balance of hardships tipping sharply in favor of an injunction. Miller, 19 F.3d at 456.

Plaintiffs allege that Northwest has violated its fiduciary duty as an ERISA plan administrator by refusing to turn over all documents related to a proposed employee pension benefit plan. Although Northwest can, in its role as plaintiffs' employer, unilaterally decide whether to offer a pension plan, whether unaccrued benefits under the plan should be reduced or terminated, and/or how to allocate limited funds between and among its employees (see Fischer v. Phila. Elec. Co., 994 F.2d 130, 133 (3d Cir. 1993)), when it took on the role of plan administrator under ERISA, Northwest assumed fiduciary responsibilities toward the plan participants. One of Northwest's fiduciary duties is to respond completely, truthfully, and accurately to requests for information regarding amendments to a benefits plan which, although not yet finalized or adopted, are being seriously considered. See, e.g., Wayne v. Pac. Bell, 238 F.3d 1048, 1050-51 (9th Cir. 2001). The issue in this case is "whether the employer-fiduciary has violated its fiduciary duty of loyalty to plan participants by failing to disclose material information." Bins v. Exxon Company U.S.A., 220 F.3d 1042, 1049 (9th Cir. 2000).

Northwest and the union have issued summary statements and updates regarding the purpose of the new direct contribution targeting plan, the status of the negotiations, and the

ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION        -2-

effect the plan will have on plaintiffs' retirement accounts.[1] Plaintiffs argue that these disclosures are insufficient, however, because they do not reveal the actual targeting formula(s), the assumptions regarding years of service and return on investment, or the implementation procedures that are being considered. Plaintiffs maintain that they are simply seeking complete information regarding the proposed plan and that the actual terms of the contribution allocation scheme or schemes being considered will allow them to (a) determine the benefits to which they will be entitled, (b) develop an alternative benefit plan, and (c) build support within ALPA for their alternative plan.

The outcome of this motion turns less on the existence of a duty to disclose (although that too is contested given that the direct contribution plan is not yet in existence) and more on the materiality of the information requested and/or the scope of the duty to disclose. In many of the cases cited by the parties, the plan administrator failed to reveal that it had canceled a long-term disability policy, that it had doubts regarding another fiduciary's management of plan assets, or that it was considering an early retirement program. The courts generally concluded that because such information was material to the decision-making process of a plan participant, the administrator's abject failure to disclose the proposed changes in response to inquiries violated its fiduciary duties.[2] Here, on the other hand, Northwest and/or ALPA have

---

[1] The additional disclosures made by ALPA during the pendency of this action do not alter the Court's ERISA analysis. ALPA's motions to supplement the record (Dkt. # 38 and # 48) are therefore DENIED.

[2] In Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1073 (9th Cir. 2005), the court notes that full disclosure of plan amendments will not only allow employees to purchase replacement coverage or consider alternative employment, but may also allow them to "bargain further." This reference is unexplained and is taken from a Third Circuit decision, Hamilton v. Air Jamaica, Ltd., 945 F.2d 74, 78 (3d Cir. 1991). The ability to bargain for employment benefits is a reflection of employee strength: it is not a right afforded by ERISA. See Hamilton, 945 F.2d at 79. ERISA simply provides a means of enforcing whatever plan is provided by the employer. It does not create a right to a particular set of benefits or a right to bargain. As far as the Court is aware, the need to strengthen one's bargaining position has never, standing alone, been held sufficient to trigger an administrator's duty to disclose.

ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION         -3-

not only disclosed that a new retirement benefit plan is being negotiated, but have also described the general parameters of the new plan and its intended consequences. Contrary to plaintiffs' assertions of ignorance regarding how they will fare under the new plan, they have already been told that under any of the allocation methods currently under consideration, they and other long-term employees with sizable frozen retirement assets can expect to receive no new contributions under the new plan.

The Court is not convinced that plaintiffs have been deprived of any information that would be material to their decision-making processes as plan participants. Plaintiffs have all the information they need to determine how the options currently under serious consideration will affect their entitlement to benefits and whether alternative employment opportunities or early retirement should be sought. Plaintiffs' other reasons for requesting the allocation data – to develop alternative contribution methods and to organize opposition among their fellow ALPA members – have nothing to do with their rights and entitlements as plan participants. Instead, it appears that plaintiffs hope to carve out for themselves a role in establishing the plan and/or choosing the particular set of benefits to be offered. These tasks are left to the discretion of the employer, however, and ERISA gives plaintiffs no right to any plan, much less a right to a plan tailor-made to suit their interests. Absent some showing that the details plaintiffs seek regarding the proposed allocation methods and the future entitlements of other employees are relevant to an interest granted or protected by ERISA, the requested information is not sufficiently material to trigger the duty to disclose. See Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co., 259 F.3d 1036, 1045 (9th Cir. 2001).

The above materiality analysis is consistent with the limited scope of Northwest Airline's fiduciary duties. Pursuant to ERISA § 404(a)(1), when plaintiff Tanksley requested

---

Given the limited scope of the fiduciary's duty under ERISA § 404(a)(1), the Court doubts that such an expansion of the employer's disclosure obligations is warranted.

ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION        -4-

information regarding potential changes to the retirement benefit plan,[3] Northwest became obliged to respond "solely in the interest" of the participant and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan . . . ." 29 U.S.C. § 1104(a)(1).  Having disclosed all information necessary to enable Mr. Tanksley to determine the impact the proposed benefits plan will have on his retirement contributions and whether his continued participation is advantageous (*i.e.*, all material information), Northwest was under no duty to disclose additional information that was not "sufficiently related" to the exclusive purposes set forth in the statute, namely the provision of benefits or the defrayment of expenses.  Acosta v. Pacific Enters., 950 F.2d 611, 619 (9th Cir. 1991).  The further disclosures demanded will not assist plaintiffs in understanding or obtaining benefits provided under the existing or proposed terms of the plan.  There being no "meaningful nexus between the information requested . . . and the provision of benefits or defrayment of expenses," (Hughes Salaried Retirees Action Comm. v. Adm'r of the Hughes Non-Bargaining Ret. Plan, 72 F.3d 686, 694 (9th Cir. 1995)), ERISA § 404(a)(1) does not require further disclosures.

For all of the foregoing reasons, the Court finds that plaintiffs are not likely to succeed on the merits of their fiduciary duty claim.  Because a fair chance of success on the merits is an "irreducible minimum" for a preliminary injunction (Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)), plaintiffs' motion is DENIED.

---

[3] The Court notes that the fiduciary duty claims of all plaintiffs except Michael Tanksley are not likely to succeed on the merits because the duty to disclose arose only in response to Mr. Tanksley's request for information.  Although Northwest may have had a duty to respond truthfully and straightforwardly to questions regarding potential changes to the retirement plan, it had no duty to volunteer the information to individuals who did not make a similar request.

ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION        -5-

DATED this 11th day of October, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION         -6-