UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MICHAEL TANKSLEY, *et al.*,           )
                                       )   Case No. C07-1227RSL
                    Plaintiffs,        )
        v.                             )
                                       )   ORDER GRANTING MOTION TO
NORTHWEST AIRLINES and AIR LINE        )   AMEND COMPLAINT AND
PILOTS ASSOCIATION,                    )   STAYING CASE
                                       )
                    Defendants.        )
_____)

This matter comes before the Court on "Plaintiffs' Motion and Memorandum in Support of Motion to Amend Complaint." Dkt. # 73. Plaintiffs initially sought to compel defendant Northwest Airlines ("Northwest") to produce documents and information regarding proposed pension plan changes that were then under serious consideration. Plaintiffs argued that such disclosures were required by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and would allow them to evaluate the impact of the proposed changes and, if appropriate, to organize opposition among affected employees. On October 11, 2007, the Court denied plaintiffs' motion for a preliminary injunction that would have compelled Northwest to produce various documents. Plaintiffs appealed the denial of the preliminary injunction and moved to stay this action, recognizing that the single issue raised in this case had been resolved. The proposed Second Amended Complaint lodged on February 4, 2008, seeks to add six new claims challenging the lawfulness of the pension plan that was ultimately adopted

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND STAYING CASE

by Northwest.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Defendants argue that the proposed amendment would be futile because the lawfulness of the new pension plan is already the subject of a declaratory judgment action pending in the District of Minnesota.

Where duplicative actions are proceeding in different courts, "the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by . . . dismissing, staying, or transferring the later-filed suit." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp.2d 1081, 1089 (S.D. Cal. 2002). The question, then, is which action was filed first for purposes of the priority rule? Although the Seattle action was literally filed first, it did not raise any of the claims asserted in the Minnesota action and was, for all intents and purposes, resolved by the time the Minnesota action was filed. "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. Calif. Dept. of Health Servs., 487 F.3d 684, 689 (9th Cir. 2006) (citing The Haytian Republic, 154 U.S. 118, 124 (1894)). The Seattle action sought to compel the production of documents pursuant to Northwest's fiduciary duties under ERISA. The Minnesota action, on the other hand, seeks a declaration that the retirement plan finally adopted by Northwest is not age discriminatory. Resolution of the original Seattle action would not adjudge or impact the claims raised in Minnesota. The Seattle action should not, therefore, be considered "first" for purposes of the first-to-file rule.

Contrary to plaintiffs' suggestion at the hearing on March 11, 2008, the Honorable Joan Ericksen, District Judge for the District of Minnesota, has made no findings or decisions regarding the first-to-file issue or the procedures that should be used to resolve it. Shortly after

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND STAYING CASE             -2-

filing its declaratory judgment action in Minnesota, Northwest filed a motion to enjoin the pilots from initiating or pursuing substantially similar age discrimination claims here in Seattle. Judge Ericksen found that Northwest's reliance on the first-to-file rule was misplaced and premature because the amended complaint submitted in this action had not been accepted for filing and there was, therefore, no "evidence of a duplicative, second-filed lawsuit . . . ." Northwest Airlines, Inc. v. Filipas, Civ No. 07-4803(JNE/JJG) (Order dated Jan. 30, 2008). Judge Ericksen also noted that if this Court were to grant plaintiffs' motion to amend, Northwest would not suffer irreparable harm because the action could be transferred to Minnesota on proper motion. The denial of Northwest's motion for a temporary restraining order does not support plaintiffs' arguments that the Seattle action has priority or that a motion to transfer is required.[1]

Finally, plaintiffs argue that, even if the Minnesota action were the first filed, this Court should exercise jurisdiction over the age discrimination claims because the Minnesota action was filed in anticipation of plaintiffs' motion to amend in this case and/or for purposes of forum shopping. Having reviewed the chronology of events giving rise to the two actions, the Court disagrees. It was clear from the outset of the Seattle litigation that plaintiffs were concerned that the retirement plan being negotiated by Northwest and the pilot's union would be unfavorable to pilots with seniority. While that concern led to the filing of the ERISA claim, it did not necessarily reflect an intent to challenge the plan as finally adopted or to assert an age discrimination claim against Northwest. When the Court denied their motion for preliminary injunction, plaintiffs treated this action as dead and filed a motion to stay pending the resolution of their appeal. The motion to stay was filed a week after plaintiffs received notice that Northwest had adopted the new benefits plan (although they did not possess a copy of the plan at the time). Given that plaintiffs made no attempt to expand the scope of the Seattle litigation

---

[1] If anything, Judge Ericksen seemed inclined to believe that Minnesota would be the appropriate forum in which to decide the age discrimination claims, and she left it to the undersigned to determine how to ensure the efficient resolution of these matters.

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND STAYING CASE                -3-

and in fact continued their efforts to obtain a stay of this case even after Northwest initiated suit in Minnesota, it is not clear when plaintiffs actually decided to assert an age discrimination claim.  As was the case in British Telecomm. plc v. McDonnell Douglas Corp., 1993 WL 149860 (N.D. Cal. May 3, 1993), Northwest was not under an obligation to sit quietly and wait for plaintiffs to make up their minds:  plaintiffs did not provide express or implied notice of their intent to sue, and Northwest's obligations under the new plan were to begin immediately.  Because it was neither unseemly nor unreasonable for Northwest to seek to resolve the lawfulness of the new retirement plan in the district where the plan was negotiated and will be implemented, none of the exceptions to the first-to-file rule applies.

Having determined that the claims asserted in the proposed Second Amended Complaint were first raised in the Minnesota action, the Court must determine whether the pendency of the Minnesota action makes plaintiffs' proposed amendment futile.  The first-to-file rule justifies the dismissal, stay, or transfer of the later-filed action:  dismissal is not a foregone conclusion.  In the circumstances presented here, there is some uncertainty regarding the ultimate outcome of the new claims in Minnesota.  Whether the Minnesota court has jurisdiction over the claims and parties, whether Judge Ericksen agrees with this Court's first-to-file analysis, and whether the convenience of the parties supports one venue over the other have yet to be determined.  In addition, there are state law age discrimination claims asserted in the Second Amended Complaint that may not be at issue in the Minnesota action.  The Court therefore finds that futility cannot be ascertained on the current record and that the appropriate course of action is to grant plaintiffs' motion to amend and stay the newly-expanded case pending further action by the District of Minnesota.  See British Telecomm., 1993 WL 149860 at *5 (N.D. Cal. May 3, 1993).

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND STAYING CASE                -4-

For all of the foregoing reasons, plaintiffs' motion to amend their complaint is GRANTED. The Clerk of Court is directed to file the "Second Amended Complaint for Injunctive and Declaratory Relief" lodged on February 4, 2008. Because the claims raised in the Second Amended Complaint were first filed in the District of Minnesota, that court should be permitted to proceed without fear of a conflicting order being issued in this litigation. This matter is therefore STAYED pending resolution of the Minnesota action. If the Minnesota court finds that it lacks jurisdiction to hear the age discrimination claims or chooses to exercise its discretion to dismiss the declaratory judgment action under the first-to-file rule or the doctrine of forum non conveniens, this Court stands ready to lift the stay and proceed.

The Clerk of Court is directed to enter a statistical termination in this case. Such termination is entered solely for the purpose of removing the case from the Court's active calendar. The parties shall file a joint status report under this cause number once the Minnesota action is resolved.

Dated this 12th day of March, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND STAYING CASE             -5-